***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing parties have not shown good grounds to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Opinion and Award of the Deputy Commissioner, with certain modifications.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The date of the injury which is the subject of this claim is July 21, 2003.
2. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
3. On all relevant dates, an employee-employer relationship existed between Plaintiff-Employee and Defendant-Employer.
4. On all relevant dates, Defendant-Employer employed three or more employees.
5. On all relevant dates, Defendant-Employer was insured by Sedgwick CMS.
6. Defendants have accepted Plaintiff's claim on an Industrial Commission Form 62 dated December 22, 2003, and an Industrial Commission Form 60 dated April 27, 2004;
7. On all relevant dates, Plaintiff's average weekly wage was $556.47.
8. At the hearing, the parties submitted the following:
 a. A Packet of Medical and Rehabilitation Records, which was admitted into the record, and marked as Stipulated Exhibit (2), and;
 b. A Packet of Industrial Commission Forms and Filings, which was admitted into the record, and marked as Stipulated exhibit (3).
 ***********
Based upon the competent evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff is 51 years old. Plaintiff is a high school graduate. Prior to her employment with Defendant-Employer, Plaintiff worked in a credit department at a manufacturer, as a receptionist, and at a day care center.
2. On July 21, 2003, Plaintiff tripped over a box while working for Defendant-Employer and experienced a popping sensation in her back. The compensability of Plaintiff's back injury was accepted by Defendants pursuant to an Industrial Commission Form 62. Plaintiff's claim was later accepted by Defendants through the filing of an Industrial *Page 3 
Commission Form 60, pursuant to which she has received ongoing total disability compensation from Defendants at the rate of $370.98 per week through the date of this Opinion and Award.
3. Following over a year of conservative treatment, it was determined that Plaintiff's back injury required surgical intervention. On August 23, 2004, Plaintiff underwent surgery performed by Dr. Henry Poole which consisted of a L5-S1 laminectomy and interbody fusion.
4. Subsequent to her surgery, Plaintiff continued to experience significant pain as the result of her admittedly compensable injury by accident and has been prescribed pain medications. Additionally, Plaintiff was referred for pain management to Dr. Albert Bartko.
5. In addition to her ongoing pain, Plaintiff experiences weakness and has a limited range of motion as the result of her injury by accident. On what she described as bad days, which she stated occur two to three times per week since her surgery, Plaintiff testified that she can hardly get out of bed except to use the bathroom. Plaintiff always uses a walker and often a wheelchair to get around inside and outside her home.
6. As a result of her injury by accident, Plaintiff has difficulty maneuvering around her home and frequently falls. Plaintiff is unable to get in and out of her bathtub by herself, dress by herself, prepare her own meals, clean, perform yard work, retrieve her mail, or drive for errands or medical appointments. Plaintiff's current vehicle is not handicapped accessible.
7. Based upon Plaintiff's problems relating to her home, Dr. Bartko ordered an assessment of her home on September 14, 2006. Plaintiff's current residence was assessed by Everything Medical, Inc., on October 4, 2007. As of the date of the hearing before the Deputy Commissioner, the recommendations based upon this assessment had not been implemented. *Page 4 
8. In August 2004, Plaintiff's daughter, Ms. Misty Boylan, moved in with her and began assisting Plaintiff with the activities of daily living without compensation. Plaintiff's daughter continued to assist Plaintiff in this manner until she moved to Georgia in October 2007.
9. During the period of her providing live-in care for Plaintiff, Ms. Misty Boylan assisted her eight to nine hours per day, even during the time she worked a night shift for income in 2007. The assistance provided to Plaintiff by her daughter included cooking meals, assisting with bathing and hygiene, cleaning the home, washing clothes, and driving Plaintiff on errands and to medical appointments and the pharmacy.
10. Based upon eight hours of care per day, seven days a week, Ms. Misty Boylan provided Plaintiff 56 hours of care per week during the period of August 23, 2004 to October 2007.
11. When Ms. Misty Boylan moved to Georgia in October 2007, Plaintiff immediately moved to her current residence in Jamestown where she lives only four houses away from her sister, Ms. Regina Locklear. Ms. Locklear has cared for Plaintiff since that time. Plaintiff and Ms. Locklear have established a routine where five days a week Ms. Locklear checks on Plaintiff before going to work in the morning, comes to Plaintiff's home after work from approximately 5:30 p.m. until 8:30 or 9:00 p.m., and spends most of the weekend with Plaintiff.
12. Ms. Locklear assists Plaintiff with cooking, cleaning, laundry, and driving Plaintiff as needed. Ms. Locklear's husband, Mr. Nathan Locklear, performs Plaintiff's trash disposal and yard work. Combined, Ms. Regina Locklear and Mr. Nathan Locklear have provided 32 hours of care per week, based upon four hours of care during weekdays and six hours per day on weekends, since October 2007. *Page 5 
13. Plaintiff's rehabilitation nurse, Ms. Cheryl Yates, was assigned to Plaintiff's case in 2004. Since that time, Ms. Yates has been made aware that members of Plaintiff's family have assisted her in performing daily living activities. Ms. Yates opined that due to her current physical condition, Plaintiff needs some level of assistance in the performance of her daily living activities.
14. On April 30, 2007, Dr. Bartko recommended that Plaintiff be evaluated by an occupational therapist regarding her need for assistance with the activities of daily living. As of the date of the decision by the Deputy Commissioner, this evaluation had not been performed.
15. Notwithstanding the fact that the evaluation by an occupational therapist has not been performed, there is sufficient credible evidence of record upon which to find that Plaintiff benefited medically from the attendant care services provided to her by Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear.
16. Notwithstanding the fact that the evaluation by an occupational therapist has not been performed, there is sufficient credible evidence of record upon which to find that Plaintiff would benefit medically from ongoing attendant care services to be provided by Ms. Regina Locklear and Mr. Nathan Locklear for her activities of daily living.
17. The Full Commission finds the equitable rate of pay for such attendant care to be $8.00 per hour each for Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear for the attendant care services they provided to Plaintiff.
18. At Dr. Bartko's deposition, Plaintiff's counsel asked whether Dr. Bartko would recommend an evaluation by a life care planner if the parties were seeking to determine her future needs for assistance. Dr. Bartko responded that he would. *Page 6 
19. Based upon the credible medical and other evidence of record, the Full Commission finds that Plaintiff would benefit medically from an evaluation by an occupational therapist regarding her needs for assistance with the activities of daily living.
20. The Full Commission finds that there was insufficient evidence to establish that the development of a life care plan is necessary in this case or that Defendants should be ordered to provide one for Plaintiff.
21. Plaintiff has been evaluated by Dr. O. Del Curling on two occasions, July 15, 2005 and September 13, 2006. Dr. Curling opined that Plaintiff is capable of returning to sedentary work in which she can change positions as needed.
22. Dr. Bartko opined that Plaintiff remains totally disabled and has an inability to perform even sedentary work.
23. Based upon the credible medical and vocational evidence of record, and as a result of her July 21, 2003 injury by accident, Plaintiff continues to be unable to earn any wages in her former position with Defendant-Employer or in any other employment.
24. Based upon the totality of the credible evidence of record, and upon Plaintiff's age, education and vocational history, the Full Commission finds that Plaintiff is not permanently and totally disabled.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Based upon the credible medical and vocational evidence of record, and as a result of her July 21, 2003 injury by accident, Plaintiff remains entitled to have Defendants pay *Page 7 
to her ongoing total disability compensation at the rate of $370.98 per week. N.C. Gen. Stat. § 97-29.
2. Based upon the totality of the credible evidence of record, and upon Plaintiff's age, education, and vocational history, Plaintiff is not permanently and totally disabled. N.C. Gen. Stat. § 97-29.
3. There is sufficient credible evidence of record upon which to conclude that Plaintiff benefited medically from the attendant care services provided to her by Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear. N.C. Gen. Stat. § 97-25.
4. There is sufficient credible evidence of record upon which to conclude that Plaintiff would benefit medically from ongoing attendant care services to be provided by Ms. Regina Locklear and Mr. Nathan Locklear in the performance of her daily living activities. N.C. Gen. Stat. § 97-25.
5. For their attendant care services provided to plaintiff through the date of this Opinion and Award, Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear are entitled to be paid by Defendants at the equitable rate of $8.00 per hour. N.C. Gen. Stat. § 97-25.
6. For their attendant care services to be provided to Plaintiff subsequent to the date of this Opinion and Award, Ms. Regina Locklear and Mr. Nathan Locklear are entitled to be paid by Defendants at the equitable rate of $8.00 per hour for up to 30 hours per week. N.C. Gen. Stat. § 97-25.
7. As a result of her July 21, 2003 injury by accident, plaintiff is entitled to have Defendants pay for all related medical expenses incurred or to be incurred, including the treatment and recommendations of Dr. Bartko and an evaluation by an occupational therapist. N.C. Gen. Stat. §§ 97-25; 97-25.1. *Page 8 
8. Plaintiff is not entitled to have Defendants pay for the development of a life care plan. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall continue to pay to Plaintiff total disability compensation at the rate $370.98 per week until further Order of the Commission. This compensation is subject to the attorney's fee approved herein.
2. For their attendant care services provided to Plaintiff through the date of this Opinion and Award, Ms. Misty Boylan, Ms. Regina Locklear, and Mr. Nathan Locklear shall be paid by Defendants at the rate of $8.00 per hour. Accrued compensation shall be paid in a lump sum, without any deduction for an attorney's fee.
3. For their attendant care services to be provided to Plaintiff subsequent to the date of this Opinion and Award, Ms. Regina Locklear and Mr. Nathan Locklear are entitled to be paid by Defendants at the rate of $8.00 per hour, for up to 30 hours per week. This compensation is not subject to an attorney's fee.
4. Defendants shall pay for all related medical expenses incurred or to be incurred by Plaintiff as the result of her July 21, 2003 injury by accident, including the treatment and recommendations of Dr. Bartko and an evaluation by an occupational therapist, when bills for the same have been approved pursuant to Industrial Commission procedures. *Page 9 
5. A reasonable attorney's fee of twenty-five percent (25%) of the temporary total disability compensation awarded herein is approved for Plaintiff's counsel. Plaintiff's counsel shall receive every fourth check.
6. Defendants shall pay costs.
This the __ day of November 2008.
S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1